UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
JOSEPH MALOOF,                            )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        Civil Action No. 15-11940-LTS
                                          )
CAROLYN COLVIN, Acting                    )
Commissioner of the Social                )
Security Administration,                  )
                                          )
            Defendant.                    )
_____)


ORDER ON PLAINTIFF'S MOTION TO REVERSE
AND DEFENDANT'S MOTION TO AFFIRM

August 4, 2016

SOROKIN, J.

        Plaintiff Joseph Arthur Maloof has filed a Motion to Reverse the decision by Defendant

Carolyn Colvin, Acting Commissioner of the Social Security Administration ("SSA"), to deny

Plaintiff's application for Title II disability insurance benefits ("DIB").  Docs. 19, 20.  Defendant

has filed a Motion to Affirm the denial of benefits.  Docs. 24, 25.  For the reasons set forth

below, Plaintiff's Motion is ALLOWED to the extent that it requests remand, and Defendant's

Motion is DENIED.


I.      RELEVANT BACKGROUND

        On March 19, 2012, Plaintiff filed an application for DIB.  Administrative Record

("AR") at 69.  Plaintiff originally alleged an onset date of disability ("AOD") of December 1,

2009, but later (on September 11, 2013) amended the AOD to January 1, 2012.  See id. at 69,

158.  Plaintiff, who served in the Army, claims he is disabled due to a variety of conditions, including, *inter alia*, post-traumatic stress disorder ("PTSD"), bipolar disorder, knee pain, and hepatitis C.  Id. at 73.  Plaintiff's application for DIB was denied initially and upon reconsideration.  Id. at 78, 92.

On September 11, 2013, a hearing was held, at Plaintiff's request, before Administrative Law Judge ("ALJ") William Ramsey.  Id. at 25, 104.  Plaintiff was represented by counsel and testified at the hearing, as did an impartial vocational expert.  Id. at 25-50.

On November 27, 2013, the ALJ issued a decision finding Plaintiff was not disabled from his AOD through the date of the decision.  Id. at 11.  In reaching the decision, the ALJ found, *inter alia*, that Plaintiff's mental impairments (1) limited him "to occasional social interaction with the public, co-workers and supervisors"; (2) imposed "moderate limitations in interacting with others"; and (3) imposed "moderate limitations in concentration and attention," thus limiting Plaintiff to "simple routine tasks."  Id. at 13-14.

On December 27, 2013, Plaintiff filed a claim for "service connected compensation" with the Department of Veterans Affairs ("VA").  Doc. 20-1 at 2.

On January 24, 2014, Plaintiff submitted a Request for Review of the ALJ's decision ("Request for Review") to the SSA's Appeals Council.  AR at 7.  The Request for Review instructed Plaintiff as follows:

> If you have additional evidence[,] submit it with this request for review[.]
> If you need additional time to submit evidence or legal argument, you
> must request an extension of time in writing now[.] . . .  If you neither
> submit evidence or legal argument now nor within any extension of time
> the Appeals Council grants, the Appeals Council will take its action based
> on the evidence of record.

Id.  When Plaintiff submitted his Request for Review, he submitted one piece of

additional evidence – his counsel's letter brief to the ALJ – and did not request an

extension of time to submit more evidence.  See id. at 5.

On May 16, 2014, the VA issued a decision ("VA rating decision") assigning Plaintiff a

100 percent disability rating as of April 27, 2012, based on Plaintiff's "bipolar depression with

anxiety (claimed originally as posttraumatic stress disorder)."  Doc. 20-1 at 9.  In reaching that

decision, the VA found Plaintiff's mental condition caused, *inter alia*, "[t]otal occupational and

social impairment."  Id.

According to Plaintiff's counsel, on June 3, 2014, counsel mailed the VA rating decision

to the SSA's Appeals Council, with a letter requesting "the Appeals Council remand [Plaintiff's]

application for benefits back to the Administrative Law Judge for reconsideration of the [sic] this

new and material evidence."  Doc. 20 at 10; Doc. 20-2.  Defendant does not dispute that

Plaintiff's counsel mailed the VA rating decision to the Appeals Council on that date.

On March 29, 2015, the Appeals Council issued a letter denying Plaintiff's Request for

Review.  AR at 1.  The letter stated:  "In looking at your case, we considered the reasons you

disagree with the decision and the additional evidence listed on the enclosed Order of Appeals

Council."  Id. at 2.  The Order of Appeals Council does not list the VA rating decision among the

additional evidence considered.  Id. at 5.

On May 29, 2015, Plaintiff initiated this action.  Doc. 1.  On February 29, 2016, Plaintiff

filed the instant Motion to Reverse.  Docs. 19, 20.  On May 10, 2016, Defendant filed the instant

Motion to Affirm.  Docs. 24, 25.

II.     DISCUSSION

Courts "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" on a "timely basis."  42 U.S.C. § 405(g); Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001) (citation omitted).  Plaintiff argues that the VA rating decision is material and that he had good cause for failing to present it in a timely fashion to the Appeals Council.  Doc. 20 at 11-12. Defendant disagrees.  Doc. 25 at 11-15.


A.      Materiality

"New evidence is material if the ALJ's decision might reasonably have been different if the evidence had been considered."  Vautour v. Astrue, 865 F. Supp. 2d 99, 115 (D. Mass. 2012) (citing, *inter alia*, Evangelista v. Sec'y of Health & Human Srvcs., 826 F.2d 136, 140 (1st Cir. 1987)) (internal quotation marks omitted).  The SSA has stated that, in making disability determinations, it is "required to evaluate . . . evidence of a disability decision by another governmental" agency, as such decisions "may provide insight into [an] individual's mental and physical impairment(s)."  Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939, at *6-7; see also Quigley v. Barnhart, 224 F. Supp. 2d 357, 368 (D. Mass. 2002) ("Although determinations of disability made by other entities are not binding on the SSA, such a finding is particularly relevant to [plaintiff's] ability to perform her past work and is entitled to some weight.") (citations and internal quotation marks omitted).  Ten federal circuit courts (albeit not the First Circuit) have considered the issue of whether "a VA disability rating is entitled to evidentiary weight in a Social Security hearing," and all ten have agreed that it is, such that the

SSA may not simply "disregard" a VA rating decision. McCartey v. Massanari, 298 F.3d 1072,

1075-76 (9th Cir. 2002) (listing nine circuit decisions to this effect; holding that Social Security

ALJs "must ordinarily give great weight to a VA determination of disability," due to the "marked

similarity between these two federal disability programs"); see also Hall v. Colvin, 778 F.3d 688,

691 (7th Cir. 2015) (stating that, between the criteria used by the VA and the SSA to determine

disability, "the differences are small") (citation omitted); Bird v. Comm'r of Soc. Sec. Admin.,

699 F.3d 337, 343 (4th Cir. 2012) (noting that different circuits vary in how much weight they

accord VA disability ratings, from "some" to "substantial" to "great" weight).

Particularly given the SSA's own requirement to evaluate a disability decision by another

governmental agency, as well as its explanation that such a decision may provide insight into an

individual's impairments, the Court finds that the ALJ's decision in this case might reasonably

have been different if the ALJ had considered the VA rating decision.  Thus, the Court finds the

VA rating decision is material.[1]

---

[1] In arguing that the VA rating decision is not material, Defendant cites Teague v. Colvin, 151 F. Supp. 3d 223 (D. Mass. 2015).  Doc. 25 at 13-14.  However, there are significant differences between this case and Teague.  The claimant in Teague was required to show that he had been disabled on or before March 31, 2011.  He argued that the Appeals Council should have considered a decision by the VA rating him disabled as of July 31, 2012.  The Court rightly found the VA's decision immaterial because it "relat[ed] to a time period more than a year after" the claimant was required to demonstrate disability.  151 F. Supp. 3d at 227.  Here, by contrast, the ALJ only needed to find Plaintiff was disabled by November 27, 2012 (one year before the ALJ's decision).  See Doc. 15-2 at 12.  Plaintiff submitted a decision by the VA rating him disabled as of April 27, 2012.  Thus, unlike the VA rating in Teague, Plaintiff's VA rating decision relates to the time period during which he was required to demonstrate disability. Moreover, in Teague the claimant's sole argument was that "the Appeals Council failed to adequately explain why the . . . VA disability rating did not constitute material new evidence"; he did not argue how his VA rating decision contradicted any finding by the ALJ (besides the ALJ's general finding that he was not disabled).  151 F. Supp. 3d at 226-27.  Here, by contrast, Plaintiff argues that the VA rating decision specifically calls into question the ALJ's discussion of Plaintiff's mental disorder as "intertwined with substance abuse" rather than as a "free standing impairment."  Doc. 20 at 11-12.  Thus, in this case there is more reason to find that the VA rating decision may affect the ultimate disability determination.

B.      Good Cause

The parties of course agree that Plaintiff could not have submitted the VA rating decision

with his Request for Review:  Plaintiff submitted his Request for Review on January 24, 2014,

and the VA rating decision was not issued until May 16, 2014.  Nevertheless, Defendant argues

that Plaintiff's submission of the VA rating decision is procedurally defaulted because, when he

filed the Request for Review, he failed to request an extension of time to submit additional

evidence.  Doc. 25 at 11-12 (noting the instruction on the Request for Review that "[i]f you need

additional time to submit evidence . . . , you must request an extension of time in writing now").

Defendant thus argues that Plaintiff is responsible for his untimeliness in submitting the VA

rating decision to the Appeals Council, and that the Court should decline to find good cause for

Plaintiff's untimely submission.

Good cause for failure to present new and material evidence in a prior proceeding on a

timely basis "will be found . . . where the proferred evidence was unavailable at the time of the

administrative proceeding."  Conte v. McMahon, 472 F. Supp. 2d 39, 44-45 (D. Mass. 2007)

(citing Bilodeau v. Shalala, 856 F. Supp. 18, 20-21 (D. Mass. 1994)).  In determining whether

good cause exists, courts may analyze whether the untimely submission of the new evidence

reflects "'any bad faith attempt to manipulate the administrative process.'"  Martins v. Colvin,

2014 WL 4437779, at *9 (D. Mass. 2014) (quoting Milano v. Bowen, 809 F.2d 763, 767 (11th

Cir. 1987)).  Examples of such a bad faith attempt include "withhold[ing] evidence with the idea

of obtaining another bite of the apple if the [SSA] decides that the claimant is not disabled," or

"seek[ing] after-acquired evidence, and then us[ing] such evidence as an unsanctioned backdoor

means of appeal."  Milano, 809 F.2d at 767.  In addition, as part of the good cause inquiry, courts

may analyze whether the ALJ or Appeals Council had "'[a]mple time . . . to consider and act upon the evidence.'"  Martins, 2014 WL 4437779, at *9 (quoting Milano, 809 F.2d at 767).

Here, the VA rating decision was unavailable when Plaintiff submitted his Request for Review to the Appeals Council.  In addition, Defendant does not argue, and the Court has no basis to conclude, that Plaintiff acted in bad faith or sought the VA rating decision as a "backdoor means of appeal."  Finally, the Appeals Council had ample time to consider the VA rating decision:  Plaintiff's counsel mailed the decision to the Appeals Council on June 3, 2014, and the Appeals Council did not issue its letter denying Plaintiff's Request for Review until March 29, 2015.[2]  It would have been advisable for Plaintiff to have requested an extension of time to submit additional evidence when he filed the Request for Review.  However, given the other factors – the unavailability of the VA rating decision, the absence of bad faith, and the amount of time the Appeals Council had to consider the VA rating decision – the Court finds Plaintiff has shown good cause for failing to incorporate the VA rating decision into the record in a prior proceeding.  Thus, this matter is remanded for the ALJ to consider the VA rating decision.[3]

---

[2] It appears that the Appeals Council could have considered the VA rating decision even though Plaintiff did not submit it with his Request for Review or within any requested extension of time.  See Mills, 244 F.3d at 5-6 ("[T]he Appeals Council is free to consider new material evidence regardless of whether there was good cause for not producing it earlier; the court is not free to order a remand absent such good cause.").  Assuming, *arguendo*, the Appeals Council could not have considered it, the Court still has ample basis for finding good cause.

[3] Because the Court reverses and remands on Plaintiff's first argument, it need not address his second one.  See Taylor v. Astrue, 899 F. Supp. 2d 83, 90 (D. Mass. 2012).

III.     CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Affirm (Doc.

No. 24) and ALLOWS Plaintiff's Motion to Reverse (Doc. No. 19) to the extent that it requests

remand.

 

 

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge